**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OMAR KHALED, | No. 21 C 5367 |
| Petitioner, | 18 C 863 |
| v. | Judge Thomas M. Durkin |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Omar Khaled pled guilty to two counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). He filed a petition to vacate his sentence under 28 U.S.C. § 2255. That petition is denied.

**Background**

On January 16, 2019, Khaled was indicted by a grand jury of conspiring to manufacture, distribute, and possess with intent to distribute a controlled substance, including a synthetic cannabinoid known as 5F-MDMB-PINACA in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); conspiring to manufacture, distribute, and possess with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count II); distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts III, V, and VII); and distributing a controlled substance analogue, in violation of 21 U.S.C. § 841(a)(1) (Counts IV and VI). 18 C 863, R. 48. The government alleged Khaled and his son, Luay Khaled, distributed the controlled substances together.

Before trial, Khaled informed the government of his desire to plead guilty. The government furnished a draft plea agreement, but the parties could not agree on some disputed language, so Khaled pled guilty to Counts III and V of the indictment without a plea agreement on November 27, 2019. On July 2, 2021, the Court sentenced Khaled to concurrent terms of 110 months imprisonment on each of the counts. He filed a notice of appeal but voluntarily dismissed it before oral argument. He filed his § 2255 petition on October 7, 2021, arguing his counsel was constitutionally ineffective.

## Legal Standard

Constitutionally ineffective assistance of counsel occurs when "counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be considered deficient, counsel's performance must have fallen "below an objective standard of reasonableness." *Id.* at 688. Courts view such claims with a "strong presumption" that a petitioner's attorney rendered adequate representation. *United States v. Meyer*, 234 F.3d 319, 324-25 (7th Cir. 2000) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381(1986)).

Khaled must show that "[counsel's] deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688. In this context, "prejudice" means "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## Analysis

Khaled argues his counsel was ineffective by: (1) advising him to plead guilty when Khaled lacked knowledge that he was distributing a controlled substance; and (2) failing to challenge the statute of conviction as unconstitutionally vague.

### I.     Advising Khaled to Plead Guilty

Khaled argues counsel was ineffective for advising him to plead guilty despite knowing that Khaled did not know the substance at issue was a controlled substance. But the record indicates that Khaled knew he was distributing a controlled substance, that he spoke about his knowledge with his attorney, and that he acknowledged these facts during his change of plea hearing. In the context of a guilty plea, Khaled must show that but for counsel's deficient advice, he would have insisted on proceeding to trial. *Bethel v. United States*, 458 F.3d 711, 715 (7th Cir. 2006).

During the change of plea hearing, the government provided a summary of the evidence it would present were the case to go to trial. R. 8-1 at 24-30. The summary included an explanation of Khaled's use of coded language when referring to the synthetic cannabinoids at issue, as well as references to the cannabinoids' chemical identifications (5F-MDMB-PINACA and 5F-MDMB-PICA). *Id*. The government explained that a detectable amount of those chemicals was discovered in the drugs distributed by Khaled. When asked if the government's summary was accurate, Khaled responded that he did "not know the mix and the chemical" but that as to the alleged conduct, "I said yes, I am guilty." *Id*. at 31. Khaled then stated he could not plead guilty to the parts of the factual summary that he did not understand—namely,

3

the knowledge of the chemical substance. *Id*. The Court ordered a recess so Khaled could discuss the case with counsel and the parties returned the next day to complete the hearing.

The next day, the government again read a summary of the facts it would present at trial. Khaled stated the conduct alleged was accurate, but he "[did] not know that it was substance or chemical." R. 8-2 at 44. Khaled went on to say he simply helped his son package and distribute the substances without knowing they were illegal. *Id*. at 45. The Court again proceeded with a recess to allow Khaled to talk to his attorney. After they had time to discuss, the following exchange occurred:

> **Court**: … Well, Mr. Khaled, where we left off was you acknowledge you helped your son mail these packages up to Chicago, correct?
> **Khaled**: Yes.
> **Court**: And did you know it contained a controlled substance, something that was at least not – it was illegal to ship, even if you didn't know the exact chemical composition of what was in those packages?
> **Khaled**: Yes.
> …
> **Court**: What's your plea to Counts III and V: guilty or not guilty?
> **Khaled**: Yes, guilty.

R. 8-2 at 48. The government filed an affidavit from Khaled's attorney as an exhibit to its response. R. 8-3. The affidavit provides that counsel knew the government had evidence of Khaled's use of coded language and fictitious names to conceal the fact that he (together with his son) was distributing illegal substances. Counsel further provides that he met with Khaled numerous times to discuss the government's evidence, and Khaled acknowledged that he knew what he and his son were doing was illegal. Counsel informed Khaled the government would have to prove that Khaled knew he was distributing a controlled substance, and Khaled indicated that

he wished to plead guilty because he was, in fact, "guilty of knowingly distributing a controlled substance that he knew was illegal to distribute." *Id.* at 2. The affidavit makes clear that Khaled's counsel did not advise a guilty plea while knowing Khaled lacked the requisite knowledge of his crime. Rather, it establishes that Khaled knew he was distributing a controlled substance, that it was illegal to do so, and discussed as much with counsel more than once.

Moreover, Khaled affirmed at his change of plea hearing that he had discussed his case with his attorney many times, that he was satisfied with his representation, that he had not been coerced or threatened into pleading guilty, and that his plea was voluntary. R. 8-1 at 2. Khaled has not offered any "compelling explanation" to support a finding that his plea was involuntary despite those statements. *See United States v. Purnell*, 701 F.3d 1186, 1190-91 (7th Cir. 2012) ("We may reject out of and, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing."). Any time Khaled expressed confusion about the facts presented by the government, the Court ordered a recess so that Khaled could talk with counsel. One of those recesses was an entire day, and upon returning to court, Khaled affirmed for a second time that his plea was not coerced. Khaled also had an Arabic interpreter for the entire plea hearing. The transcript, Khaled's petition, and the evidentiary record do not present any compelling explanation as to why he would have lied to the Court in confirming he was voluntarily entering a plea of guilty.

5

## II.    Failure to Challenge 21 U.S.C. § 841(a) on Vagueness Grounds

Khaled argues counsel should have challenged the indictment on the basis that the operative statute – 21 U.S.C. § 841(a) – is unconstitutionally vague because it fails to provide notice of what it prohibits. Counsel's failure to do so met the objective standard of reasonableness, because an argument that the statute is unconstitutionally vague would have proven unsuccessful.[1]

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a matter that does not encourage arbitrary and discriminatory enforcement." *United States v. Collins*, 272 F.3d 984, 988 (7th Cir. 2001) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Unconstitutionally vague statutes pose two problems: "(1) they fail to provide due notice so that 'ordinary people can understand what conduct is prohibited,' and (2) 'they encourage arbitrary and discriminatory enforcement.'" *Id.* (quoting *Kolender*, 461 U.S. at 357). Where there is no First Amendment interest raised by a petitioner, the statute is judged for vagueness on an as-applied basis. *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). There is no First Amendment right at issue here, so Khaled's counsel's constitutional

---

[1] To the extent Khaled attempts to argue vagueness in his petition for the first time (and outside the context of his claim for ineffective assistance of counsel), such claims are procedurally defaulted. *See Dugan v. United States*, 18 F.3d 460, 464 (7th Cir. 1994) ("[A] federal prisoner's failure to raise a constitutional issue on direct appeal bars raising it in a subsequent § 2255 motion unless the defendant can show cause for and actual prejudice resulting from the error of which he complained." (internal citations omitted)).

challenge would have been evaluated as the statute applied to the facts of Khaled's case. *Collins*, 272 F.3d at 988.

A vagueness challenge would have been unsuccessful here. The statute punishes those who "knowingly" engage in the prohibited conduct. 21 U.S.C. § 841(a)(1). "This requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument" that § 841(a)(1) is void for vagueness. *Collins*, 272 F.3d at 988-89 (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 342 (1952)). The statute's absolute prohibition against the manufacture, distribution, and possession of controlled substances provides an explicit warning that is in no way vague as applied to Khaled. The government, at trial, would have been required to prove he knowingly distributed a controlled substance, and he admitted as much at his change of plea hearing.

Further, Khaled's counsel was not ineffective for failing to challenge the indictment for vagueness via a "lack of notice" argument. Khaled alleges 5F-MDMB-PINACA was "still in the process" of obtaining designation as a controlled substance at the time of his offense. R. 1 at 6. The government argues that, although the substance was not permanently listed as a controlled substance, it was nonetheless listed pursuant to 21 U.S.C. § 811(h) in the Federal Register as a Schedule I controlled substance on the "Temporary or Emergency" schedule. R. 8 at 19. The government is correct, and the substance's presence on the Federal Register provided Khaled notice of his illegal conduct. *See United States v. Turcotte*, 405 F.3d 515, 535 (7th Cir. 2005) (explaining that a defendant's conduct involving a substance listed as a temporary

scheduling under § 811(h) was sufficient to support his conviction, rejecting the argument that such a substance was not properly scheduled as a controlled substance), *vacated on other grounds*, *United States v. Novak*, 841 F.3d 721, 728-29 (7th Cir. 2016); *see also Hamdan v. United States*, 2020 WL 4607239, at *4 (N.D. Ill. Aug. 11, 2020) (rejecting a lack of notice argument, as well as a vagueness argument, where XLR-11 had been temporarily scheduled as a controlled substance pursuant to § 811(h)).[2]

There was no viable motion to dismiss based on vagueness or a lack of notice. Counsel's performance in representing Khaled was objectively reasonable.

### III.    Evidentiary Hearing

Khaled argues in his reply brief that he is entitled to an evidentiary hearing. R. 9 at 4. "A hearing on a motion to withdraw a plea is to be 'routinely granted' if the movant offers any 'substantial evidence that impugns the validity of the plea.' But if no such evidence is offered, or if the allegations advanced in support of the motion are 'mere conclusions or are inherently unreliable,' the motion may be denied without a hearing." *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995) (quoting *United States v. Redig*, 27 F.3d 277, 280 (7th Cir. 1994)). Further, if allegations set forth in the motion to withdraw a plea "contradict statements made by a defendant at an acceptance-of-plea hearing which satisfied the requirements of Rule 11, the

---

[2] To the extent Khaled argues actual innocence by contending he could not reasonably have known he was distributing a controlled substance, that argument fails for the same reasons that his vagueness argument fails.

allegations must overcome the 'presumption of verity' that attaches to such statements." *Id.*

Khaled has not offered any substantial evidence which would impugn the validity of his plea. Rather, Khaled's motion and the record in this case conclusively show that he is not entitled to relief. *See Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) ("[A] district court need not grant an evidentiary hearing if 'the motion and files and records of the case conclusively show that the prisoner is entitled to no relief' or 'if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific.'" (quoting *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015)).

Additionally, the government's submission of the affidavit from Khaled's former counsel—in which he states Khaled knew of the evidence against him and confirmed that he was guilty of knowingly distributing a controlled substance—comports with the factual record before the Court and further diminishes any need for an evidentiary hearing. R. 8-3; *see Ryan v. United States*, 657 F.3d 604, 608 (7th Cir. 2011) (noting that the district court could instruct a petitioner to supply missing details or permit the government to submit an affidavit from counsel rather than conducting a hearing); *Lafuente v. United States*, 617 F.3d 944, 946-47 (7th Cir. 2010) (noting that the government could "obviate the need for an evidentiary hearing" by confirming through an affidavit certain factual issues); *Spiller v. United States*, 855 F.3d 751, 756 (7th Cir. 2017) (no abuse of discretion to deny an evidentiary hearing where petitioner's former counsel's email to the government verified that her

representation was effective). Importantly, the Court was aware of Khaled's hesitations during his change of plea hearing and gave Khaled ample time to review the government's factual allegations with his attorney. The Court then specifically questioned Khaled about whether he knew his conduct was illegal even if he was unaware of the actual chemical breakdown of the substance. There is no need for an evidentiary hearing because the Court was directly involved in making sure Khaled was aware of his illegal conduct before it accepted his guilty plea. Often, evidentiary hearings are required when there is a dispute regarding the communications between an attorney and their client. But here, the affidavit makes clear that Khaled communicated with his counsel regarding the illegality of his conduct, and the Court confirmed as much during the hearing.

## IV. Certificate of Appealability

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th

Cir. 2011). Here, the Court's denial of Khaled's petition relies on application of well-settled precedent, as well as the developed record which does not provide a basis for withdrawal of his guilty plea. Accordingly, certification of Khaled's claims for appellate review is denied.

## Conclusion

For the foregoing reasons, Khaled's petition, R. 1, is denied.

ENTERED

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 9, 2022